# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES R. HENSON, #1611, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CASE NO. 10-cv-796-MJR |
| ) | |
| JONI FISHER, JEREMY KENNON, ) | |
| EMILY BOWEN, PATRICIA KELLEY, ) | |
| ) | |
| Defendants. | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, an inmate currently in the McHenry County Jail but at all times relevant to this action confined in the Chester Mental Health Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides, in pertinent part:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Upon careful review of the complaint and any supporting exhibits, the Court finds that the claims in the complaint may be dismissed at this point in the litigation.

**Facts:**

The following version of the facts is gleaned from Plaintiff's complaint (Doc. 1). Plaintiff suffers from a seizure disorder and takes medications for this and other ailments which interfere with his ability to sleep. On July 2, 2010, Plaintiff made Defendant Fisher aware of his sleep issues and was told that he could receive a new drug for the sleep deprivation. Plaintiff rejected this course of treatment and instead requested that he be moved to a quieter cell house and be placed under seizure watch every 10 minutes, which Defendant Fisher denied. Plaintiff made the same cell movement request of Defendant Kennon, which was also denied.

On July 29, 2010, Plaintiff made this same request of Defendant Bowen, who also denied the request. Defendant Bowen also convinced Plaintiff to continue taking his medication, while stating that at some point soon he would see a doctor about his ailments. It was nearly 3 weeks later when Plaintiff was seen by a doctor.

At some point in the beginning of August, Plaintiff was finally moved to a quieter cell location. On August 23, 2010, Plaintiff requested to be moved to a different cell area, which caused Plaintiff further sleep deprivation. From September 1, 2010 onward, Defendant Bowen has refused to contact a doctor regarding Plaintiff's sleep deprivation.

At undisclosed times Plaintiff wrote grievances to Defendant Kelley complaining about the denials of his requests to change cells. Defendant Kelley neither responded to these grievances nor addressed any of Plaintiff's concerns.

**Discussion**:

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of FED. R. CIV. P. 8(e) and 10(b), the Court finds it appropriate to break the claims in Plaintiff's *pro se* complaint and other pleadings into numbered counts, as shown below. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**Count 1: Medical Indifference**

Plaintiff alleges that the failure of Defendants Fisher, Kennon, Bowen, and Kelley to address his sleep deprivation issues by moving him to a new cell, changing his medications, or ensuring that he immediately see a doctor amounts to deliberate indifference of his medical needs. The United States Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). This encompasses a broader range of conduct than intentional denial of necessary medical treatment, but it stops short of "negligen[ce] in diagnosing or treating a medical condition." *Estelle,* 429 U.S. at 106. *See also Sanville v. McCaughtry,* 266 F.3d 724, 734 (7th Cir. 2001).

To prevail on an Eighth Amendment claim, a plaintiff must show that the responsible

prison officials were deliberately indifferent to his serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Dunigan ex rel. Nyman v. Winnebago County*, 165 F.3d 587, 590 (7th Cir. 1999). Deliberate indifference involves a two-part test. The plaintiff must show that (1) the medical condition was objectively serious, and (2) the state officials acted with deliberate indifference to his medical needs, which is a subjective standard.

*Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000). However, the Supreme Court stressed that this test is not an insurmountable hurdle for inmates raising Eighth Amendment claims:

> [A]n Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm.... Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, ... and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.

*Farmer,* 511 U.S. at 842.

The Seventh Circuit's decisions following this standard for deliberate indifference in the denial or delay of medical care require evidence of a defendant's actual knowledge of, or reckless disregard for, a substantial risk of harm. *See Chavez v. Cady*, 207 F.3d 901, 906 (7th Cir. 2000) (officers were on notice of seriousness of condition of prisoner with ruptured appendix because he "did his part to let the officers know he was suffering"). Seventh Circuit caselaw also recognizes that a defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation. *See Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008); *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003) (Courts will not take sides in disagreements with medical personnel's judgments or techniques). However, a plaintiff inmate need not prove that a defendant intended the harm that ultimately transpired or believed the harm would occur. *Walker v. Benjamin*, 293 F.3d 1030, 1037 (7th Cir. 2002) (*discussing Haley v.*

4

*Gross*, 86 F.3d 630, 641 (7th Cir. 1996)).

In the case at bar, Plaintiff has alleged that Defendant Fisher, Kennon, Bowen, and Kelley refused to ensure that his sleep deprivation was adequately treated. Specifically, Plaintiff claims that his medications should have been switched, he should have immediately seen a doctor, and he should have been moved to a quieter cell. However, Plaintiff received at least some medications for the ailment, saw a doctor within 3 weeks of submitting a request, and at one point was transferred to a quieter cell only to request to be moved, all of which indicates that Plaintiff was in fact treated by Defendants Fisher, Kennon, Bowen, and Kelley, even if it wasn't the treatment Plaintiff may have preferred. Mere disagreement with a chosen course of an inmate's medical treatment does not amount to deliberate indifference under the Eighth Amendment. *See Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996); *Ciarpaglini,* 352 F.3d at 331; *Garvin v. Armstrong*, 236 F.3d 896, 898 (7th Cir. 2001) (Courts will not takes sides in disagreements about medical personnel's judgments or techniques). Because Plaintiff did receive attention for his sleep deprivation ailment, he has not stated a claim for indifference to medical needs. As such, this claim against Defendants Fisher, Kennon, Bowen, and Kelley warrants dismissal with prejudice.

**Count 2: ADA**

Plaintiff further alleges that Defendants Fisher, Kennon, Bowen, and Kelley violated the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.*, by failing to accommodate his need to be moved to a new cell. Title II of the ADA provides that "no qualified individual with a disability shall, because of that disability. . . be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132 (2006).

The Supreme Court has held that the ADA applies to prisons. In *Pennsylvania Department of Corrections v. Yeskey,* 524 U.S. 206 (1998), the Supreme Court held: "State prisons fall squarely within the statutory definition of 'public entity'. . . . The text of the ADA provides no basis for distinguishing these programs, services, and activities from those provided by public entities that are not prisons." *Id*. at 210. The Court further held in *U.S. v. Georgia*, 546 U.S. 151 (2006), that an inmate may bring a private cause of action for damages pursuant to Title II of the ADA *if* the state actor's conduct also violates the Eighth Amendment. A plaintiff's inability to establish a constitutional violation forecloses an ADA private cause of action. *See Morris v. Kingston*, 368 F. App'x 686 (7th Cir. 2010). In the instant case, Plaintiff does not have a claim for an Eighth Amendment violation. As explained above, Plaintiff received attention for his ailment, and thus was *not* subjected to cruel and unusual punishment based on his disability. Because Plaintiff has not stated an Eighth Amendment violation or any other constitutional violations, his claim for violations of the ADA also fail, and is dismissed without prejudice.

**Disposition:**

**IT IS HEREBY ORDERED** that Count 1 of the complaint against Defendants Fisher, Kennon, Bowen, and Kelley is **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that Count 2 of the complaint against Defendants Fisher, Kennon, Bowen, and Kelley is **DISMISSED** without prejudice. The Clerk is instructed to **close this case**.

**IT IS SO ORDERED.**

**DATED: March 28, 2011**  /s/ **MICHAEL J. REAGAN**
**U.S. DISTRICT JUDGE**